IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,
LIBERTY INSURANCE CORPORATION,
EMPLOYERS INSURANCE COMPANY
OF WAUSAU,
WAUSAU BUSINESS INSURANCE
COMPANY, and
WAUSAU UNDERWRITERS INSURANCE
COMPANY,



        Plaintiffs,

Civil Action No. ___4 : 15CV034___

v.

LUMBER LIQUIDATORS, INC. and
LUMBER LIQUIDATORS HOLDINGS,
INC.,

        Defendants.

## COMPLAINT

Plaintiffs Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation,

Employers Insurance Company of Wausau, Wausau Business Insurance Company, and Wausau

Underwriters Insurance Company (collectively, the "Plaintiff Insurers"), by counsel, for their

Complaint against defendants Lumber Liquidators, Inc. and Lumber Liquidators Holdings, Inc.

(collectively, "Lumber Liquidators"), state as follows:

### The Parties

1.     Plaintiff Liberty Mutual Fire Insurance Company is a corporation organized and

existing under the laws of the State of Wisconsin with its principal place of business in Boston,

Massachusetts.

2.     Plaintiff Liberty Insurance Corporation is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Boston, Massachusetts.

3.     Plaintiff Employers Insurance Company of Wausau is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Boston, Massachusetts.

4.     Plaintiff Wausau Business Insurance Company is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Boston, Massachusetts.

5.     Plaintiff Wausau Underwriters Insurance Company is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Boston, Massachusetts.

6.     Defendant Lumber Liquidators, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Toano, Virginia.

7.     Defendant Lumber Liquidators Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Toano, Virginia.

**Jurisdiction And Venue**

8.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 2201.  There is complete diversity of citizenship between the Plaintiff Insurers and Lumber Liquidators.  The amount in controversy exceeds $75,000, exclusive of interest and costs, because the lawsuits for which Lumber Liquidators seeks coverage from the Plaintiff

Insurers allege substantially in excess of that amount.  The dispute between the parties constitutes an actual and ripe controversy.

9.      This Court has personal jurisdiction over Lumber Liquidators because it has its principal place of business within this judicial district and because it conducts and transacts business in this district.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Lumber Liquidators resides in this district and is subject to personal jurisdiction in this district, and a substantial part of the events giving rise to the claims occurred in this district.

**The Insurance Policies**

11.      For successive periods from January 1, 2005 to June 1, 2015, certain of the Plaintiff Insurers issued a total of ten commercial general liability insurance policies to the named insured Lumber Liquidators, Inc. or Lumber Liquidators Holdings, Inc. (the "CGL Policies").  The issuing insurer, the policy number, and the policy period for each of the CGL Policies are shown in Exhibit A.

12.      For the period from January 1, 2005 to January 1, 2006 and for successive periods from June 1, 2010 to June 1, 2015, certain of the Plaintiff Insurers issued a total of six umbrella liability insurance policies to the named insured Lumber Liquidators, Inc. (the "Umbrella Policies"; together with the CGL Policies, the "Policies").  The issuing insurer, the policy number, and the policy period for each of the Umbrella Policies are shown in Exhibit A.

13.      As set forth more fully therein, each of the Policies contains the following provisions (except as noted in Par. 31 - 35 below):

a.      The policy will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or because of "personal and advertising injury" as those terms are defined in the policy.

b.      A pollution exclusion (the "Total Pollution Exclusion") bars coverage for "bodily injury" or "property damage" or "personal and advertising injury" that arises from the release or discharge of "pollutants," which are defined to include any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, and chemicals.

c.      An exclusion for damage to "your product" (the "Your Product Exclusion") bars coverage for "property damage" to "your product" as those terms are defined in the policy.

d.      An exclusion for damage to "your work" (the "Your Work Exclusion") bars coverage for "property damage" to "your work" as those terms are defined in the policy.

e.      An exclusion for damage to "impaired property" or property not physically injured (the "Impaired Property Exclusion") bars coverage for "property damage" to "impaired property" or property that has not been physically injured as those terms are defined in the policy.

f.      An exclusion for damages arising from the recall, repair, replacement, removal, or disposal of "your product," "your work," or "impaired property" on account of a defect, deficiency, inadequacy, or dangerous condition (the "Recall Exclusion") bars coverage for such damages.

**The Lawsuits**

14.     On March 1, 2015, the CBS News Program "60 Minutes" aired on national television a story about its investigation of the alleged sale by Lumber Liquidators in the United States of home flooring products made in China that were alleged to contain and off-gas excess amounts of formaldehyde.

15.     On March 5, 2015, an Amended Class Action Complaint was filed against Lumber Liquidators by Joaquin Badias on behalf of himself and a purported nationwide class of other similarly situated persons in the case titled *Badias v. Lumber Liquidators, Inc. et al.*, Case No. 1:15-cv-20876-RNS (S.D. Fla.) (the "*Badias* Complaint").

16.     The *Badias* Complaint is based upon Badias' alleged purchase from Lumber Liquidators in November and December 2013 of "laminate wood veneer flooring manufactured in China that contains toxic levels of formaldehyde, a known carcinogen." *Badias* Complaint, Par. 1.

17.     The *Badias* Complaint alleges that the flooring sold to him by Lumber Liquidators "contains a dangerous level of formaldehyde gas . . . and is hazardous to human health." *Badias* Complaint, Par. 10.

18.     The *Badias* Complaint alleges that Badias and the purported class "are entitled to a return of the full purchase price paid for the Toxic Laminate Flooring and other damages to be proven at trial." *Badias* Complaint, Par. 16.

19.     The *Badias* Complaint does not allege that Badias or the purported class has sustained "bodily injury" or "property damage" as those terms are defined in the Policies.

20.     On March 5, 2015, Lumber Liquidators, acting through its broker, tendered the *Badias* case to the Plaintiff Insurers, seeking defense and indemnity from them for that case.

21.     On April 3, 2015, Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation (the Plaintiff Insurers that issued, respectively, the CGL Policies and Umbrella Policies for the periods from June 1, 2013 to June 1, 2015, the only insurance policies in effect after Badias' alleged first purchase of the product at issue) sent Lumber Liquidators a coverage position letter denying any obligation to provide defense or indemnity to Lumber Liquidators for that Complaint because, *inter alia*, the Complaint does not allege that any "bodily injury" or "property damage" as defined in the Policies has occurred and, further, even if such injury or damage were alleged, coverage for the claim would be barred by the Total Pollution Exclusion contained in the Policies.

22.     In addition to the *Badias* Complaint, the Plaintiff Insurers are aware, as of the date of the commencement of this action, of ninety-nine other complaints (the "Other Complaints") that have recently been filed against Lumber Liquidators based upon the presence of formaldehyde in, and off-gassing of formaldehyde from, Chinese-manufactured flooring sold by Lumber Liquidators. As of the date of the commencement of this action, Lumber Liquidators has tendered sixty-nine of the Other Complaints (the "Tendered Complaints") to the Plaintiff Insurers seeking defense and indemnity from the Plaintiff Insurers. The Other Complaints are listed on Exhibit B, which also indicates whether the complaint has been tendered to the Plaintiff Insurers.

23.     On information and belief, additional complaints with substantially similar allegations to the *Badias* Complaint and the Other Complaints will be filed and tendered to the Plaintiff Insurers seeking defense and indemnity.

24.     An actual controversy exists between the Plaintiff Insurers and Lumber Liquidators as to whether the Plaintiff Insurers have any obligation to defend or indemnify

- 6 -

Lumber Liquidators with respect to the *Badias* Complaint, the Tendered Complaints, or any of the additional Other Complaints that may be tendered to the Plaintiff Insurers (collectively, the "Lawsuits").

### Count 1: For A Declaration That The Policies Do Not Obligate The Plaintiff Insurers To Defend Lumber Liquidators With Respect To The Lawsuits

25. The Plaintiff Insurers incorporate by reference the allegations in paragraphs 1- 24 above.

26. The Policies do not obligate the Plaintiff Insurers to defend Lumber Liquidators with respect to the Lawsuits because, *inter alia*:

       a.      The Lawsuits, which seek economic losses, statutory damages or equitable relief, do not allege and/or do not seek damages because of covered "bodily injury," "property damage," or "personal and advertising injury," as those terms are defined in the Policies.

       b.      To the extent that the Lawsuits are determined to allege "bodily injury," "property damage," or "personal and advertising injury," coverage for such injury or damage is excluded by the Total Pollution Exclusion, the Your Product Exclusion, the Your Work Exclusion, the Impaired Property Exclusion, and/or the Recall Exclusion contained in each of the Policies.

       c.      The conditions for triggering a duty to defend under the Umbrella Policies have not been satisfied.

27. Lumber Liquidators has sought, under the Policies, a defense against the Lawsuits. The Plaintiff Insurers dispute any right to such a defense. This dispute constitutes an

actual, ripe and justiciable controversy between the parties, and the Plaintiff Insurers are entitled to a declaration in their favor.

**Count 2:  For A Declaration That The Policies Do Not**
**Obligate The Plaintiff Insurers To Indemnify Lumber Liquidators**
**For The Lawsuits**

28.    The Plaintiff Insurers incorporate by reference the allegations in paragraphs 1- 24 above.

29.    The Policies do not obligate the Plaintiff Insurers to indemnify Lumber Liquidators with respect to the Lawsuits because, *inter alia*:

a.    The Lawsuits, which seek economic losses, statutory damages or equitable relief, do not allege and/or do not seek damages because of covered "bodily injury," "property damage," or "personal and advertising injury," as those terms are defined in the Policies.

b.    To the extent that the Lawsuits are determined to allege "bodily injury," "property damage," or "personal and advertising injury," coverage for such injury or damage is excluded by the Total Pollution Exclusion, the Your Product Exclusion, the Your Work Exclusion, the Impaired Property Exclusion, and/or the Recall Exclusion contained in each of the Policies.

30.    Lumber Liquidators has sought, under the Policies, indemnification for the Lawsuits.  The Plaintiff Insurers dispute any such right to indemnity.  This dispute constitutes an actual, ripe and justiciable controversy between the parties, and the Plaintiff Insurers are entitled to a declaration in their favor.

## Count 3:  Reformation Of Wausau Business
### Insurance Company Policy No. TBK-Z91-436774-039

31.    The Plaintiff Insurers incorporate by reference the allegations in paragraphs 1- 24 above.

32.    During the negotiation in the spring of 2009 between Wausau Business Insurance Company and Lumber Liquidators of the terms, conditions, and exclusions for CGL Policy No. TBK-Z91-436774-039 ("Policy 039"), issued for the period from June 1, 2009 to June 1, 2010, the parties mutually agreed that the policy was to include a "Total Pollution Exclusion With Building Heating, Cooling & Hostile Fire Exception," Form No. CG 21 65 12 04 (the "TPE"), which provided in pertinent part:

> This insurance does not apply to:
>
> f.    Pollution
>
>> (1)  "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.
>>
>> This exclusion does not apply to ["bodily injury" caused by a building's heating or cooling equipment or by a fire].

33.    When Policy 039 was being assembled for delivery to Lumber Liquidators, the TPE form was inadvertently omitted from the policy document (which exceeded 105 pages in length) through clerical error.

34.    Without the TPE, Policy 039 does not accurately express the agreement between the parties as to what the content of the policy was to be.

35.    Wausau Business Insurance Company is entitled to reformation of Policy 039 to include the TPE in order to correct a mutual mistake of fact resulting from a scrivener's error.

**WHEREFORE**, the Plaintiff Insurers respectfully request that the Court enter a judgment in their favor:

      a.      declaring that the Plaintiff Insurers have no obligation under the Policies to defend Lumber Liquidators with respect to the Lawsuits;

      b.      declaring that the Plaintiff Insurers have no obligation under the Policies to indemnify Lumber Liquidators for the Lawsuits;

      c.      reforming Wausau Business Insurance Company Policy No. TBK-Z91-436774-039 to include a total pollution exclusion Form No. CG 21 65 12 04; and

      d.      granting such other and further relief as the Court may deem to be just and appropriate under the circumstances.

Respectfully submitted,

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,
LIBERTY INSURANCE CORPORATION,
EMPLOYERS INSURANCE COMPANY OF
WAUSAU,
WAUSAU BUSINESS INSURANCE
COMPANY, and
WAUSAU UNDERWRITERS INSURANCE
COMPANY

By counsel

E. Ford Stephens
VSB No. 25959
Counsel for Plaintiffs
CHRISTIAN & BARTON LLP
909 East Main Street, Suite 1200
Richmond, VA  23219
Tel:  (804) 697-4124
Fax:  (804) 697-6112
estephens@cblaw.com

Of counsel:

A. Hugh Scott (MA BBO#: 449160)
hscott@choate.com
Robert A. Kole (MA BBO#: 633269)
rkole@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000

6619599