

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

LIBERTY MUTUAL FIRE
INSURANCE COMPANY, et al.,

    **Plaintiff,**

v.                **CIVIL ACTION NO. 4:15cv34**

LUMBER LIQUIDATORS, INC. et al.,

    **Defendants.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court are Motions to Intervene by four insurance companies providing

policies in excess of the current Plaintiffs' policies, Lumber Liquidators, Inc.'s ("Defendant's")

Stipulation to Entry of Judgment in Plaintiffs' Favor for Count Three, and Defendant's Motion to

Dismiss Amended Complaint on abstention grounds.  ECF Nos. 23, 25, 29, 35, 70, 71.  For the

reasons stated below, I recommend that the Motions to Intervene be **GRANTED,** Defendant's

Stipulation be **GRANTED**, and Defendant's Motion to Dismiss be **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 22, 2015, Liberty Mutual Fire Insurance Company, Liberty Insurance

Corporation, Employers Insurance Company of Wausau, Wausau Business Insurance Company,

and Wausau Underwriters Insurance Company (collectively "Plaintiffs") filed their three-count

Complaint seeking declaratory judgment that their policies do not obligate them to defend or

indemnify Defendant (Counts One and Two, respectively) and requesting reformation of the

Wausau Business Insurance Company policy (Count Three).  Pls.' Compl. 7-9, ECF No. 1.  To

date, 99 other complaints ("Underlying Lawsuits") have been filed against Defendant based upon

their sales of flooring containing excess amounts of formaldehyde.  These cases have been

consolidated in a multidistrict litigation proceeding in this District before the Honorable Anthony J. Trenga. Defs.' Revised Mem. in Supp. of Mot. to Dismiss 3, ECF No. 60.

On April 27, 2015, Defendant filed a four-count complaint in the Circuit Court for Dane County, Wisconsin ("Wisconsin Complaint"). Defs.' Revised Mem. in Supp. of Mot. to Dismiss 4, ECF No. 60. In that suit, Defendant named the Plaintiffs and four other insurers – American Guarantee & Liability Insurance Company, Continental Casualty Company, Federal Insurance Company, and St. Paul Fire & Marine Insurance Company (collectively "Intervening Insurers"). *Id.* These four insurers have filed Motions to Intervene in this federal suit. ECF Nos. 23, 25, 29, 35.

In the Wisconsin Complaint, Defendant alleges that the Plaintiff Insurers breached the terms of the general liability insurance policies they issued to Defendant by refusing to defend Defendant against the underlying lawsuits consolidated in this District. Defs.' Revised Mem. in Supp. of Mot. to Dismiss 4. The Wisconsin Complaint also requests a declaratory judgment that the Plaintiff Insurers and the four other insurers who seek to intervene in the instant federal suit are obligated to defend and indemnify Defendant. *Id.* Finally, the Wisconsin Complaint alleges breach of contract and bad faith claims and requests compensatory and punitive damages. *Id.* at 5.

On May 22, 2015, Defendant filed a Motion to Dismiss requesting dismissal of the reformation claim in Count Three of Plaintiffs' Complaint and requesting that the Court abstain from hearing the matter because of the parallel action Defendant filed in Wisconsin state court. ECF Nos. 18, 19. On September 4, 2015, the Court granted in part and denied in part Defendant's Motion to Dismiss. ECF No. 62. In its Order the Court dismissed Plaintiffs'

reformation claim without prejudice, granted Plaintiffs leave to amend their Complaint, and declined to abstain from hearing the matter. *Id.*

On September 15, 2015, Plaintiffs filed their Amended Complaint. ECF No. 67. On October 2, 2015, Defendant filed a Stipulation to entry of judgment in the Plaintiffs' favor on the reformation claim in Count Three of the Amended Complaint.[1] ECF No. 70. On this same date, Defendant also filed a Motion to Dismiss Plaintiffs' Amended Complaint again requesting that the Court abstain from hearing this matter because of the parallel Wisconsin state court action. ECF Nos. 71, 72. On October 15, 2015, the Wisconsin state court held a hearing on the insurers' Motion to Dismiss in which the court deferred its decision pending a decision in this federal case. Pls.' Opp. to Mot. to Dismiss 7, ECF No. 74.

## II. STANDARD OF REVIEW

### A. Motions to Intervene

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the Court must permit a party to intervene as a matter of right or may allow a party to intervene permissively. Fed. R. Civ. P. 24. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held, "[L]iberal intervention is desirable to dispose of as much of the controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotations omitted).

Pursuant to Federal Rule of Civil Procedure 24(a), the Court must permit a party to intervene on timely motion as a matter of right who:

> (1) is given unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[1] The Court accepts this stipulation and will enter judgment in favor of Plaintiffs on Count Three.

Fed. R. Civ. P. 24(a). Intervention as a matter of right is warranted if the party seeking intervention can demonstrate: 1) a timely request; 2) an interest in the subject matter of the action; 3) that disposition of the action without its presence would impair its ability to protect its interests; and 4) its interests are not adequately represented by the existing parties to the action. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999); *Teague v.Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991). A party seeking to intervene must meet all of these tests for intervention to be appropriate as a matter of right under Rule 24(a). *Com. of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). Further, a district court is "entitled to the full range of reasonable discretion" to determine whether the requirements of intervention as a matter of right have been met. *Id.* (quoting *Rios v. Enter. Ass'n Steamfitters Local U. # 638 of U.S.*, 520 F.2d 352, 355 (2d Cir. 1975)).

Federal Rule of Civil Procedure 24(b) provides that a party may be permitted to intervene on timely motion that "(A) is given a conditional right to intervene by federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b); *Cooper Techs., Co. v. Dudas*, 247 F.R.D. 510, 515 (E.D. Va. 2007). The decision to grant or deny a permissive motion to intervene lies within the sound discretion of the trial court. *Hill v. W. Elec. Co.*, 672 F.2d 381, 385-86 (4th Cir. 1982). However, the court must consider whether the intervention will "unduly delay or prejudice the adjudication of the rights of the original parties." *Allen v. Cty. Sch. Bd. of Prince Edward Cty.*, 28 F.R.D. 358, 363 (E.D. Va. 1961).

### B. Abstention Doctrines and the Declaratory Judgment Act

As a general rule, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S.

4

800, 817 (1976). This obligation applies even when there are parallel state court proceedings. In *McLaughlin*, the court noted it is well-established that "[d]espite what may appear to result in a duplication of judicial resources . . . 'the pendency of an action in the state [system] is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *McLaughlin v. United Va. Bank*, 955 F.2d 930, 934 (4th Cir. 1992) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

In determining whether abstention is appropriate, the threshold question is whether the action is parallel. *Chase Brexton Health Servs., Inc., v. Maryland*, 411 F.3d 457, 463 (4th Cir. 2005). Suits are considered parallel when "substantially the same parties litigate substantially the same issues in different forums." *Id.* at 464 (quoting *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991)). Moreover, the Fourth Circuit has "strictly construed the requirement of parallel federal and state suits, requiring that the parties involved be almost identical." *Great Am. Ins.Co. v. Gross*, 468 F.3d 199, 208 (4th Cir. 2006). If the suit is parallel, a court must determine which of two discretionary standards identified by the Supreme Court of the United States ("Supreme Court") it should apply: *Brillhart/Wilton* or *Colorado River*.

### 1. The *Brillhart/Wilton* & *Colorado River* Standards

As recently clarified by the decision of the Fourth Circuit in *vonRosenberg v. Lawrence*, the discretionary standard a court must apply depends on the nature of the claims in the complaint. *vonRosenberg v. Lawrence*, 781 F.3d 731, 735 (4th Cir. 2015).

If the sole relief sought in the complaint is a declaratory judgment brought under the Declaratory Judgment Act,[2] a court should apply *Brillhart/Wilton*, which "naturally flows from the broad *discretion* afforded courts to entertain actions and award declaratory relief under the Declaratory Judgment Act." *Id.*; *see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) (stating that a district court is "under no compulsion" to exercise the jurisdiction afforded it under the Declaratory Judgment Act); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment.").

If, on the other hand, the complaint is comprised of mixed claims – i.e., claims seeking both declaratory and nondeclaratory relief – a court must apply *Colorado River*. *vonRosenberg*, 781 F.3d at 735. In so holding, the Fourth Circuit adopted the approach of the Second, Fifth, and Tenth Circuits.[3] The broad discretion of the *Brillhart/Wilton* standard is absent from the *Colorado River* standard, which applies to "causes of action over which a federal court generally *must* exercise jurisdiction—namely, claims for nondeclaratory relief." *vonRosenberg*, 781 F.3d at 735. Additionally, "[f]or those claims, '[o]nly the clearest of justifications will warrant dismissal' in favor of concurrent state court proceedings." *Id.* (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 819 (1976)). When applying *Colorado River*, courts may abstain only in "exceptional" circumstances. *Id.* at 732.

---

[2] The Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added).
[3] Across the United States Courts of Appeals, there is a "fractured landscape of decisions" taking a variety of approaches to applying the *Brillhart/Wilton* and *Colorado River* standards to mixed complaints. *See Perelman v. Perelman*, 688 F. Supp. 2d 367, 374-76 (E.D. Penn. 2010).

## III. DISCUSSION

### A. Motions to Intervene

### i. Intervening Insurers' Arguments

The four parties seeking to intervene as plaintiffs are excess insurers of the current Plaintiffs' policy agreements with Defendant. Mot. to Intervene 2, ECF 23. The intervening insurers' policies immediately attach to the current Plaintiffs' policies as excess coverage. Mot. to Intervene 5, ECF No. 25-2. All of the intervening insurers are diverse from the Defendant and the alleged amount in controversy for each party seeking to intervene is greater than $75,000, therefore diversity would not be destroyed by their intervention. Mot. to Intervene 2, ECF 23.

The intervening insurers assert that intervention as a matter of right should be granted because they have an interest in disputing excess coverage for the same claims at issue in this action. *Id.* at 4. They argue that denying their request to intervene in this suit could result in inconsistent rulings, and they may be forced to retry or collaterally attack issues decided in this action through a later action. *Id.* at 7. Further, the parties seeking to intervene contend that their interests are not adequately represented by the current Plaintiffs because they are separate insurance companies and issued separate policies that may raise different issues. *Id.* Specifically, American Guarantee & Liability Insurance Company ("AGLIC") seeks to pursue a reformation claim, a unique issue between AGLIC and the Defendant. Mot. to Intervene 5, ECF No. 25-2. Moreover, they assert that their motions were timely filed only a month after this suit commenced and no party will be prejudiced by their intervention since this suit is still in the initial pleadings phase and discovery has not yet commenced. Mot. to Intervene 8, ECF 23.

Alternatively, the intervening insurers argue that if intervention as a matter of right is not granted, permissive intervention should be granted because they share a common question of law

7

and fact in seeking a declaration that they do not have to indemnify the Defendant with respect to the same underlying claims based on language in their respective policies similar to the current Plaintiffs' policies. *Id.* at 9. They assert that intervention will promote efficiency and consistent resolution of the matter. *Id.* Further, the intervening insurers indicate that the current Plaintiffs have advised that they have no objection to intervention in this action by these excess insurers. Mot. to Intervene 5, ECF No. 30.

Moreover, the intervening insurers contend that the Court should not abstain because Wisconsin has no interest in this matter, the policies at issue were delivered in Virginia, Defendant is headquartered in this District, the documents and witnesses are in this District, and the underlying actions are pending in this District, thereby making this District the superior forum. Reply in Supp. of Mot. to Intervene 6, ECF No. 48. Additionally, the intervening insurers allege that Virginia law applies pursuant to both Virginia and Wisconsin choice of law rules. *Id.* at 7. Furthermore, they allege that the Wisconsin suit is not more advanced than this federal suit because there has been a request for judicial substitution, so no presiding judge was assigned to the Wisconsin case at the time intervening insurers filed their Reply in Support of Intervention in this matter. Reply in Supp. of Mot. to Intervene 4, ECF No. 50. They further assert that abstention is not warranted because AGLIC seeks to assert a reformation claim, adding a non-declaratory claim that implicates the *Colorado River* standard requiring "exceptional" circumstances for the Court to abstain. Reply in Supp. of Mot. to Intervene 2, ECF No. 48. They also argue that abstention would not be warranted under the *Brillhart/Wilton* standard either. Reply in Supp. of Mot. to Intervene 6-7, ECF No. 49.

### ii. Defendant's Arguments In Opposition to Intervention

In its Opposition to the Motions to Intervene, Defendant argues that the Court should dismiss the federal action in favor of the pending action in Wisconsin state court, and as a result there will be no action in which to intervene. Opp. to Mot. to Intervene 1, ECF No. 42. Defendant reiterates its arguments in favor of abstention including that Wisconsin is where all but one of the current Plaintiff Insurers are domiciled; the Wisconsin action is more comprehensive because all of the claims and parties, including those seeking to intervene here, are involved; this action contains overlapping issues of fact and law that would entangle the two court systems; and this action is the product of forum-shopping by the Plaintiffs. *Id.* at 4-5.

Defendant further argues that the intervening insurers do not meet the standard for intervention as a matter of right because they cannot show that their interests might be impaired or that their interests will not be adequately represented by the insurers that are already parties to this suit with the same financial objectives in disputing coverage. *Id.* at 2. Defendant also asserts that the intervening insurers lack a protectable interest because they are not in privity with the current Plaintiffs, therefore merely economic interests and not substantive legal rights are implicated. *Id.* at 11-12, 15.

Defendant argues that the intervening insurers would expand the issues in this federal suit because different policy agreements are involved. *Id.* at 13-14. Moreover, Defendant asserts that the intervening insurers could protect their interests in the Wisconsin state action, or they could file an amicus brief in this action advocating their positions. *Id.* at 14, 18 n.11. Furthermore, Defendant argues that the Court should deny permissive intervention because of the overlap with the Wisconsin action and the potential delay in resolution of this matter by increasing the parties and claims involved. *Id.* at 19-20.

### iii. The Court's Finding on Intervention

The intervening insurers have met the requirements for intervention as a matter of right. They have demonstrated an interest in this suit as excess insurers for the current Plaintiffs' policies for the same claims that are the subject of this action. Resolution of the current action as is will immediately impact the excess insurers by triggering excess coverage obligations if the Court finds the current Plaintiffs owe primary coverage to Defendant. The Fourth Circuit has held that "a party need not prove that he would be bound in a res judicata sense by any judgment" but "[w]here...the disposition of a case would, as a practical matter, impair the applicant's ability to protect his interest in the transaction, intervention may be allowed under Rule 24(a)." *Spring Constr. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980). If not permitted to intervene, their ability to protect their interests would be impaired because they would be forced to attempt to re-litigate issues from this action regarding primary insurance coverage in a separate action.

The Fourth Circuit relies on the Supreme Court's determination that the applicant's burden to demonstrate a lack of adequate representation "should be treated as minimal." *Teague v. Bakker*, 931 F.2d 259, 262 (4th Cir. 1991) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). The intervening insurers' interests are not adequately represented because they issued separate policies and the primary insurers have distinguishable interests. Further, the Fourth Circuit has held that in determining timeliness of a Rule 24 motion, "a reviewing court should look at how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989); *see also Scardelletti v. Debarr*, 265 F.3d 195, 203 (4th Cir. 2001) (finding a motion to intervene timely if filed before the initial pleadings phase). Therefore, the intervening insurers' timely filed Motions to Intervene should be granted because this case has not surpassed the initial pleadings phase and no party will be prejudiced.

10

Even if not warranted as a matter of right, the Court has broad discretion to allow permissive intervention where, as here, the parties seeking to intervene assert claims with a common question of fact or law in connection with the main action. A common question of fact or law is presented here with respect to coverage by multiple insurers for the same underlying claims. Courts within the Fourth Circuit have allowed excess insurers to intervene in similar cases. *See Nautilus Ins. Co. v. Strongwell Corp.*, 2014 WL 2645503, at *2 (W.D. Va. 2014); *Felman Prod., Inc. v. Indus. Risk Insurers*, No. CIV.A. 3:09-0481, 2009 WL 5064058, at *2 (S.D.W. Va. Dec. 16, 2009). Moreover, the original parties here will not be prejudiced by the intervention because this case is still in the initial pleadings phase, and the current Plaintiffs do not object to the intervention.

The Defendant challenges the Motions to Intervene by asserting that abstention is warranted in favor of the Wisconsin state suit so there should be no federal case to intervene in, and the parties seeking to intervene do not meet the requirements for intervention. However, the nexus between the underlying claims and the multiple insurance policies is irrefutable, especially given that the Defendant has named the parties seeking to intervene in the parallel Wisconsin suit alleging they owe coverage for the underlying claims at issue in this suit. Furthermore, the Fourth Circuit favors liberal intervention, which these circumstances warrant to prevent inconsistent rulings and efficiently resolve the claims.

However, an intervenor must generally "take the case as he finds it." *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n.*, 646 F.2d 117, 122 (4th Cir. 1981). Intervention may be subject to conditions based on the particular case. *Id.* ("Even intervention of right may properly be made conditional by the exigencies of the particular case."); *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378 (1987) ("[Intervenor]

was given access to discovery information and was permitted to participate to the extent not duplicative of other parties. We therefore refuse to find that the grant of permissive intervention, even though subject to conditions, should be treated as a complete denial of the right to participate."); *Nautilus*, 2014 WL 2645503, at *3 (The Court found that Defendant was not required to respond to the intervening excess insurer's complaint "because [intervenor] has no current duty to defend Strongwell under the excess policies and 'may never have a duty to defend'...the court will stay any further litigation pertaining to [intervenor]'s obligations pending further development in the underlying action.").

Here the intervening insurers seek to file separate complaints requesting declaratory judgments regarding their excess coverage obligations and one intervenor seeks to assert a reformation claim. As noted above, the Court has granted a stipulation in favor of the current Plaintiffs regarding their reformation claim, which leaves only declaratory claims in the original matter. Accordingly, to prevent unnecessary delay since issues of excess coverage, if any, cannot be resolved until the underlying issue of primary coverage is resolved, litigation involving the claims intervening insurers seek to assert regarding their excess coverage obligations will be stayed pending resolution of the underlying primary insurance claims. However, intervening insurers may participate in limited discovery to the extent it pertains to the primary coverage claims. If the primary insurance claims are resolved against Plaintiffs, the Court will then decide whether intervening insurers will be allowed to litigate the excess claims in this Court or return to conclude the litigation commenced in Wisconsin state court.

## B. Motion to Dismiss Amended Complaint

The Court previously found the federal suit and Wisconsin state suit to be parallel but declined to abstain because Plaintiffs' Complaint included a reformation claim that the Court construed as non-declaratory and requiring application of *Colorado River*, which permits courts

to abstain only in "exceptional" circumstances. The Court accepts Defendant's stipulation to entry of judgment in Plaintiffs' favor for Count Three, thereby removing a reformation claim from the suit. Plaintiffs argue that the reformation claim asserted against Defendant by the intervening insurer AGLIC again requires application of *Colorado River*. However, the Court has stayed litigation with respect to the intervening insurers' claims involving excess insurance coverage until resolution of the underlying claim of primary insurance coverage. Therefore, the claims before the Court are all declaratory, warranting application of the *Brillhart/Wilton* standard for determining whether the Court will abstain in this matter.

The *Brillhart/Wilton* standard affords the Court broad discretion in determining whether to abstain in a matter. *vonRosenberg v. Lawrence*, 781 F.3d 731, 735 (4th Cir. 2015). In conducting the *Brillhart/Wilton* analysis, this Court must consider:

> 1) whether the state has a strong interest in having the issues decided in its courts;
>
> 2) whether the state court could resolve the issues more efficiently than the federal court;
>
> 3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal court; and
>
> 4) whether the federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping.

*Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 211 (4th Cir. 2006).

### 1. Whether the state has a strong interest in having the issues decided in its courts

Defendant asserts that Wisconsin has an interest deciding the liability of their resident companies since several of the Plaintiff Insurers were incorporated in Wisconsin and availed themselves of the advantages of Wisconsin's laws. Mot. to Dismiss Am. Compl. 17, ECF No. 72. Defendant also argues that because the dispute solely involves state law, the Court should

abstain. Reply in Supp. of Mot. to Dismiss Am. Compl. 4, 6, ECF No. 75. Defendant does not, however, indicate which state law should apply.

In response, Plaintiff Insurers contend that none of the parties have principal places of business in Wisconsin, no witnesses or documents are located in Wisconsin, and none of the relevant conduct occurred in Wisconsin. Pls.' Opp. to Mot. to Dismiss Am. Compl. 2, 15, ECF No. 74. Plaintiffs also argue that Virginia law applies pursuant to choice of law rules because the policies were delivered in Virginia, which Plaintiffs assert this Court is better situated than the Wisconsin state court to apply. *Id.* at 14-16.

The Fourth Circuit has found that discretion to abstain "may be exercised only when the questions of state law involved are difficult, complex, or unsettled." *Great Am. Ins. Co.*, 468 F.3d at 211. In finding that the district court abused its discretion in abstaining, the Fourth Circuit further noted that "the questions of state law raised in the federal action are not difficult or problematic; instead, they involve the routine application of settled principles of insurance law to particular disputed facts." *Id.* Similarly, here the matter before this Court involves the routine application of state insurance law and does not implicate state interests "sufficiently compelling to weigh against the exercise of federal jurisdiction." *Id.* This Court concludes that this matter has no significant ties to Wisconsin given that Wisconsin is minimally connected to the parties and claims at issue. On the other hand, the presence of witnesses and documents relevant to this matter in this District and the underlying claims Defendant seeks coverage for being litigated in this District favors federal jurisdiction and weighs against abstention.

**2. Whether the state court could resolve the issues more efficiently than the federal court**

Defendant argues that the Wisconsin state court can resolve the dispute more efficiently because the Wisconsin action embraces all the claims and parties interested as well as additional parties and claims. Mot. to Dismiss Am. Compl. 18-19, ECF No. 72. Defendant also asserts that the Wisconsin suit has progressed further than the federal suit because initial discovery requests have been served in the Wisconsin suit while the federal suit is still in the initial pleadings phase. *Id.* at 19.

Plaintiffs argue that this Court will resolve the issues more efficiently because it has more experience applying the applicable Virginia law than the Wisconsin state court. Pls.' Opp. to Mot. to Dismiss Am. Compl. 20, ECF No. 74. Plaintiffs also note that the underlying suits for which Defendant seeks coverage were consolidated in this District pursuant to the Defendant's request in which the Defendant stated, "[t]he Eastern District of Virginia is thus unrivaled based on convenience and docket conditions." *Id.* at 21. Further, Plaintiffs assert that the Wisconsin suit is not more developed because the intervening insurers withdrew their claims in the Wisconsin suit, no responses to discovery have been served in that suit, and on October 15, 2015 the Wisconsin court held a hearing on the insurers' Motion to Dismiss that action in which it deferred its decision until this Court rules on the pending Motion to Dismiss in this suit. *Id.* at 7, 21.

The Court must consider "whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 495 (1942). This requires inquiry into "the scope of the pending state court proceeding " including such matters as "whether the claims of all parties in

interest [to the federal proceeding] can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding." *Id.* The Court finds the federal suit to be as comprehensive as the Wisconsin suit given that the Motions to Intervene have been granted adding the same parties and issues to this matter as in the Wisconsin suit. The Wisconsin suit has not progressed substantially more than the federal suit, and the Wisconsin court has stayed the state action. Furthermore, both parties acknowledge that the evidence and witnesses are located in this District. Therefore, nothing indicates that the Wisconsin Court could resolve the issues more efficiently, and this factor does not weigh in favor of abstention.

### 3. Whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal court

Defendant alleges that if the Court declines to abstain unnecessary entanglement with the Wisconsin suit will result because both courts will be interpreting the same issues. Mot. to Dismiss Am. Compl. 19-20. Plaintiffs counter that any overlap in issues were created by Defendant filing the action in Wisconsin after this federal suit was filed. Pls.' Opp. to Mot. to Dismiss Am. Compl. 22. Plaintiffs further assert that the overlap alone does not warrant abstention, and the overlap should be resolved by Wisconsin staying its proceedings based on Wisconsin statutes and case law permitting a dismissal or stay of a Wisconsin state court action in favor of pending federal case. *Id.* at 23-24.

Although the suits are parallel, the Wisconsin state court has stayed its action thereby ceasing entanglement until this Court's decision on whether it will abstain. The Court is not persuaded that the federal action must be stayed in order to prevent unnecessary entanglement. As noted above, "'the pendency of an action in the state [system] is no bar to proceedings

concerning the same matter in the Federal court having jurisdiction.'" *McLaughlin v. United Va.*
*Bank*, 955 F.2d 930, 934 (4th Cir. 1992) (quoting *McClellan v. Carland*, 217 U.S. 268, 282
(1910)). This is true even if the result is a "duplication of judicial resources." *Id.* Therefore,
this factor does not weigh in favor of abstention.

### 4. Whether the federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping

Defendant asserts that Plaintiffs filed this anticipatory federal suit to prevent Defendant
from filing a coercive action in its choice of forum and to obtain a federal hearing through
"procedural fencing" in a suit otherwise not removable. Mot. to Dismiss Am. Compl. 20-23.
Plaintiffs assert that Defendant has engaged in procedural fencing by filing suit in Wisconsin
where there are minimal connections to this matter after Plaintiffs filed this federal suit. Pls.'
Opp. to Mot. to Dismiss Am. Compl. 22-27, ECF No. 74.

The Court finds that this suit is not the product of forum shopping. This suit was filed
prior to the state action, and this is the District where Defendant is headquartered, witnesses and
evidence are located, and the underlying suits for which coverage is sought are being litigated.
In similar circumstances, the Fourth Circuit has found no indication of procedural fencing where
an insurer "filed [an] action to resolve questions that are traditionally resolved in declaratory
judgment actions, and it did so under standard diversity jurisdiction." *Kapiloff*, 155 F.3d 488,
494 (4th Cir. 1998) (The Fourth Circuit further noted, "While United Capitol may have guessed
that the Kapiloffs would eventually file a suit of their own, it could not have known that the
Kapiloffs would necessarily name nondiverse parties to that suit, making their state suit
unremovable. Without more, we cannot say that United Capitol's action is an instance of forum-
shopping instead of a reasonable assertion of its rights under the declaratory judgment statute and

17

diversity jurisdiction."). Therefore, there is no indication that this suit was filed in an attempt at forum shopping.

This Court's analysis of the four *Brillhart/Wilton* factors favor federal jurisdiction. Accordingly, Defendant's motion to dismiss or stay these proceedings is **DENIED**.

### IV. CONCLUSION

For the reasons stated, the Motions to Intervene are **GRANTED**. However, litigation on the intervening insurers' claims with respect to excess coverage is stayed pending resolution of Plaintiffs' original claims regarding primary coverage. Further, judgment is **GRANTED** in favor of Plaintiffs for Count Three of the Complaint pursuant to Defendant's Stipulation, and Defendant's Motion to Dismiss is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 7, 2016

/s/

Raymond A. Jackson
United States District Judge